IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ZAIRE ROBINSON,<br><br>    Defendant. | 8:22-CR-68<br><br><br><br>ORDER ON DEFENDANT'S MOTION<br>TO REDUCE SENTENCE |

   This matter is before the Court on defendant Zaire Robinson's *pro se* Motion to Reduce Sentence. Filing 67. The defendant states: "I am writing in regards to an intervening relevent [sic] change in the law that may be applicable to me regarding the amended Act 821." Filing 67 at 1. He asks the Court to "[p]lease forward any pertinent details in reference to criminal history enhancements" and to "appoint counsel in the matter at hand." Filing 67 at 1. The defendant's letter contains almost no detail. However, "[a] document filed *pro se* is to be liberally construed," and the Court has liberally construed the defendant's letter—specifically his reference to "amended Act 821"—to be a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (internal quotation marks and citations omitted). For the reasons below, the defendant's motion is denied.

   Section 3582(c)(2) of Title 18 of the United States Code provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a "court may reduce the term of

1

imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[A] defendant is eligible for a discretionary § 3582(c)(2) reduction if his applicable guidelines range is lowered by a retroactive amendment listed in [U.S.S.G.] § 1B1.10(d)." *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017). Amendment 821—specifically Part A and Part B, Subpart 1 of the amendment—appears in the list of covered amendments in U.S.S.G. § 1B1.10(d) and is therefore retroactively applicable.

       Part A of the amendment affected U.S.S.G. § 4A1.1, which sets forth the calculation of a defendant's criminal history category. Prior to Amendment 821, subsection (d) of § 4A1.1 provided that a defendant would receive 2 criminal history points—known as "status points"—if he committed the instant offense while under any criminal justice sentence. *Compare* U.S.S.G. § 4A1.1 (2015), *with* U.S.S.G. § 4A1.1 (2023). Part A struck that language from subsection (d), made the original subsection (e) the new subsection (d), and added a new subsection (e) that attributes 1 point to a defendant who has received 7 or more points under subsections (a) through (d) and who has committed the instant offense while under any criminal justice sentence. *See* U.S.S.G. § 4A1.1 (2023). Part B, Subpart 1 of the amendment added U.S.S.G. § 4C1.1 to the Sentencing Guidelines. At the time Amendment 821 took effect, § 4C1.1 provided that a defendant would receive a 2-level decrease in his offense level if he met 10 stated criteria, including the requirement that he "did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1) (2023). In 2024, Amendment 831 replaced the tenth criteria in § 4C1.1 with a new paragraph 10 and added paragraph 11; however, the first requirement—that the defendant not receive any criminal history points—remained the same. U.S.S.G. § 4C1.1(a)(1) (2024). Pursuant to U.S.S.G. § 1B1.10(e)(2), Amendment 821's retroactive effect began on February 1, 2024. U.S.S.G. § 1B1.10(e)(2) ("The

court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.").

The defendant in this case was sentenced on February 8, 2023, approximately nine months before Amendment 821 took effect, and approximately one year before Amendment 821's effective date for retroactivity. Filing 59 (Text Minute Entry). Despite Amendment 821's retroactive application to the defendant, Amendment 821 does not offer the defendant any relief. Part A does not provide the defendant relief because he was not assessed any status points under the old version of U.S.S.G. § 4A1.1(d). *See generally* Filing 60 (Second Revised Presentence Investigation Report). Part B, Subpart 1 does not provide the defendant relief because he cannot meet the first criterion for a zero-point offender adjustment under U.S.S.G. § 4C1.1. The first requirement for the zero-point offender adjustment is that the defendant "did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). Here, it is evident from the defendant's Second Revised Presentence Investigation Report that he received nine criminal history points based on his prior sentences of imprisonment. Filing 60 at 9–13. Those nine points place the defendant in criminal history category IV, rendering him ineligible for a zero-point offender adjustment. Filing 60 at 13.

Because Part A and Part B, Subpart 1 of Amendment 821 do not impact the defendant's guideline calculations, the defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2), and the Court need not consider the 18 U.S.C. § 3553(a) factors. The Court therefore denies the defendant's Motion to Reduce Sentence. The defendant's request for the appointment of counsel in relation to that motion is also denied. *United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009) (per curiam) ("[T]here is no constitutional right to counsel in § 3582(c) proceedings."). Accordingly,

IT IS ORDERED that the defendant's Motion to Reduce Sentence, Filing 67, is denied.

3

Dated this 25th day of November, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge